IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Dwight Xavier Jones, *a/k/a Dwight X. Jones, a/k/a Dwight Jones,*<br>       Plaintiff,<br><br>v.<br><br>Chris Cowen (or Coward),<br>       Defendant. | C/A No. 3:23-cv-4013-SAL<br><br><br><br>**ORDER** |

  Plaintiff Dwight Xavier Jones, proceeding pro se and in forma pauperis, is a pre-trial detainee incarcerated at the Barnwell County Detention Center. He filed this civil action pursuant to 42 U.S.C. § 1983, alleging violations of his civil rights by the Chief of Police of Cayce Police Department Chris Cowen (or Coward) ("Defendant"). This matter is before the court on review of the Report and Recommendation (the "Report") issued by United States Magistrate Judge Kaymani D. West, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C), recommending that this case be summarily dismissed. [ECF No. 29.] Attached to the Report was a notice advising Plaintiff of the right to file objections to the Report. *Id.* at 6. On November 13, 2023, the court received Plaintiff's objections. [ECF No. 33.] Also, since the Report issued, the court has received two letters from Plaintiff. [ECF Nos. 32, 42.]

  Having reviewed Plaintiff's objections and the allegations in his letters, the court overrules Plaintiff's objections and adopts the Report.

## STANDARD OF REVIEW

  The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). In response to a recommendation,

1

any party may serve and file written objections. *See Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3)). The district court then makes a de novo determination of those portions of the Report to which an objection is made. *Id.* To trigger de novo review, an objecting party must object with sufficient specificity to reasonably alert the district court of the true ground for the objection. *Id.* (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). If a litigant objects only generally, the court need not explain adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

An objection is specific so long as it alerts the district court that the litigant believes the magistrate judge erred in recommending dismissal of that claim. *Elijah*, 66 F.4th at 460. Objections need not be novel to be sufficiently specific. *Id.* Thus, "[i]n the absence of specific objections . . . this court is not required to give any explanation for adopting the recommendation." *Field v. McMaster*, 663 F. Supp. 2d 449, 451–52 (4th Cir. 2009) (emphasis in original).

Because Plaintiff is proceeding *pro se*, the court is charged with liberally construing the pleadings to allow him to fully develop potentially meritorious claims. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). That said, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

## DISCUSSION

In his complaint, Plaintiff asserts malicious prosecution and racial discrimination/equal protection claims against Defendant. *See* ECF No. 29 (citing ECF No. 1). Plaintiff alleges that he

2

was rearrested for a charge disposed of in state court, thus subjecting him to double jeopardy. *Id.* Plaintiff also alleges that Defendant is breaking the law to enforce his racist opinions. *Id.* Plaintiff supports this argument by giving further details about the incident leading to his arrest, specifically alleging Defendant avoided arresting other parties involved in the incident. *Id.* Plaintiff contends that he is being prosecuted in federal court for a claim that was already disposed of in state court. *Id.* And as relief, he seeks an investigation into the Cayce Police Department, arrest of another person for possession of a firearm, and $250,000. [ECF No. 1 at 6.] As detailed in the Report, Plaintiff's malicious prosecution and equal protection claims are subject to summary dismissal as Plaintiff has failed to adequately allege those claims. [ECF No. 29 at 3–4.] The court agrees with the recitation of facts and application of law in the Report and adopts the same without a full recitation.

Plaintiff's objections do not identify any error in the Report, but those objections demonstrate Plaintiff disagrees with some of the magistrate judge's reasoning. Largely, Plaintiff's objections consist of recitations of case quotations and legal authorities, in addition to restatements of and supplements to the allegations in his complaint. *See* ECF No. 33. Here, the court liberally construes Plaintiff's objections and addresses them below.

In his objections, Plaintiff challenges dismissal of his case by citing to inapplicable legal authority. [ECF No. 33.] That is, instead of referencing law applicable to a § 1983 claim, Plaintiff's objections refer to defenses that would need to be raised in his pending criminal case, *United States v. Jones*, No. 23-cr-593-MGL (D.S.C.). Specifically, Plaintiff alleges facts and law pertaining to the elements and defenses of constructive possession, defense of habitation, self-defense, protection of person and property, and facts not admitted. *See* ECF No. 33 at 3–7. The law Plaintiff relies upon is inapplicable to his § 1983 claim, and, further, Plaintiff does not

3

articulate how any of the facts or law he raises in his objections cures the deficiencies in his claims that were identified in the Report. Accordingly, his objections are overruled.

The court has also reviewed Plaintiff's letter, received November 13, 2023, that accompanied his objections. [ECF No. 32.] The letter includes no specific objections but rather alleges additional details pertaining to his arrest and again accuses the police department of racism. *Id.* The Report correctly stated the plaintiff may not make a merely conclusory allegation of discrimination but must also provide facts to support the officer's conduct was motivated by the defendant's race to succeed on an equal protection claim under the Fourteenth Amendment. [ECF No. 29 at 4 (citing *Chapman v. Reynolds*, 378 F. Supp. 1137, 1140 (W.D. Va. 1974)).] Plaintiff's letter does not include additional facts that resolve his previous failure to allege sufficient facts to show the officer's conduct was motivated by Defendant's race. Accordingly, the objections raised in this letter are overruled.

The court has also reviewed Plaintiff's letter received June 17, 2024. [ECF No. 42.] The letter does not address the Report or allegations in this case. *Id.* Instead, Plaintiff lists various complaints regarding his incarceration at the Barnwell Regional Detention Center, including that "they don't allow copies" amongst other issues. *Id.* It is unclear what Plaintiff is requesting in the letter, but it does not appear that his complaints have any bearing on the dismissal of this case. In this letter, Plaintiff also raised a request "for another 1983 Bivens." *Id.* at 2. In response to that statement, and out of an abundance of caution, the court directs the Clerk to include a blank § 1983 complaint form with this order.

## CONCLUSION

After a thorough review of the Report, the applicable law, and the record of this case, the court finds no clear error in the Report. After a *de novo* review of each part of the Report to which

4

Plaintiff specifically objected, the court hereby adopts the Report and Recommendation, ECF No. 29, in its entirety.  As a result, this case is **SUMMARILY DISMISSED** without prejudice and without issuance and service of process.  Additionally, for the reasons outlined above, the court directs the Clerk to include a blank § 1983 complaint form with this order.

    **IT IS SO ORDERED.**

July 22, 2024                                           Sherri A. Lydon
Columbia, South Carolina               United States District Judge